UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ROBERT E. STEWART, II,

    Plaintiff,

    v.                                    CAUSE NO. 4:24CV10-PPS/APR

BOB GOLDSMITH, et al.,

    Defendants.

## OPINION AND ORDER

Robert E. Stewart, II, a prisoner without a lawyer confined at the Tippecanoe County Jail, filed a complaint because he believes he has received constitutionally inadequate medical care for his hernia. ECF 1. Stewart has sued Tippecanoe County Sheriff Bob Goldsmith, Quality Correctional Care, and Thomas Lehman. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stewart alleges that he suffers from a painful inguinal hernia. He further alleges that medical staff at the jail have told him they would not do surgery and he would just have to deal with it. Stewart asserts that he is in extreme pain and that surgery is

medically needed to relieve his pain. He does not indicate what treatment, if any, has been provided. He seeks both an injunction in the form of surgery and monetary damages.

Stewart has sued Jail Commander Thomas Lehman. He says that he has been mistreated by Lehman and that, at some undisclosed time in the past, Lehman lied in an affidavit related to a different medical grievance. Stewart does not allege that Jail Commander Lehman was involved in making decisions regarding his medical care. Stewart's allegations regarding a different medical grievance are not connected to his claim regarding inadequate medical care for his hernia and do not state a claim. Therefore, I will not grant Stewart leave to proceed against Jail Commander Lehman.

Stewart also sued Quality Correctional Care, a private company that provides medical care at the jail. "Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)). However, "[a] municipality may not be held liable under § 1983 based on a theory of respondeat superior or vicarious liability." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). Because Stewart's complaint only describes the actions—or inaction—of the medical staff in connection with his own treatment, I will not permit him to proceed against Quality Correctional Care.

Finally, Stewart sued Sheriff Goldsmith. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983.

"Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Furthermore, non-medical staff rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." *Id.* at 595. Sheriff Goldsmith is entitled to rely on the judgment of the medical staff at the prison to decide what specific treatment is appropriate for Stewart. Thus, Stewart has not stated a claim against Sheriff Goldsmith in his individual capacity for monetary damages. It is, however, the Sheriff of Tippecanoe County who has both the authority and the responsibility of ensuring that Stewart receives adequate medical treatment while he is an inmate at the Tippecanoe County Jail. *See e.g. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, I will permit Stewart to proceed against Sheriff Goldsmith in his official capacity to the extent he seeks injunctive relief.

That said, the specific injunctive relief Stewart requests—namely, to have the surgery performed as soon as possible—may not be ordered even if it is ultimately determined that his current treatment is inadequate. While it is true that Stewart must be provided with constitutionally adequate medical care, there may be several ways of doing so that do not involve surgery. Simply put, Stewart cannot dictate how such medical care is provided. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (The Prison Litigation Reform Act mandates that "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal

3

right.") (internal quotation marks, brackets, and citations omitted)); *see also Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997) (Inmates are neither "entitled to demand specific care [nor] entitled to the best care possible."). Therefore, injunctive relief—if granted—would be limited to requiring that Sheriff Goldsmith ensure that Stewart receives medical treatment for his hernia to the extent required by the Constitution, which may or may not include surgery.

ACCORDINGLY, the court:

(1) GRANTS Robert E. Stewart, II, leave to proceed against Sheriff Bob Goldsmith in his official capacity for injunctive relief to provide Robert Stewart with adequate medical care for his hernia, as required by the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Quality Correctional Care and Thomas Lehman;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff Bob Goldsmith at the Tippecanoe County Sheriff's Department, with a copy of this order and the complaint (ECF 1);

(5) DIRECTS the clerk to fax or email a copy of the same documents to Sheriff Bob Goldsmith at the Tippecanoe County Sheriff's Department;

(6) ORDERS Sheriff Bob Goldsmith to file and serve a response to the plaintiff's request for a preliminary injunction no later than **February 28, 2024**, with supporting documentation and declarations from staff as necessary, addressing the plaintiff's

4

current medical condition, what treatment has been provided to date, and what additional treatment (if any) is contemplated;

(7) ORDERS Robert Stewart, II to file a reply to Sheriff Bob Goldsmith's declaration, if any, within fourteen days of receiving the declaration; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sheriff Bob Goldsmith to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 7, 2024.

    /s/ Philip P. Simon
    JUDGE
    UNITED STATES DISTRICT COURT